*221 OPINION OF THE COURT
Per Curiam.
By order of the Supreme Court of California filed July 2, 2003, the respondent was suspended from the practice of law for a period of two years and until he has shown satisfactory proof to the California State Bar Court of his rehabilitation, fitness to practice, and learning and ability in the general law. That order specified that until the respondent made restitution as specified therein, execution of the suspension would be stayed and he would be placed on probation for a period of three years, on condition that he be actually suspended for a period of six months.
On November 8, 2002, the respondent and counsel for the State Bar of California executed a “Stipulation Re Facts, Conclusions of Law and Disposition” (hereinafter the stipulation) indicating the intention to dispose of the matters under investigation without the necessity of filing a notice of disciplinary charges. By executing the stipulation, the respondent specifically waived “the issuance of a Notice of Disciplinary Charges, the right to a formal hearing on th[is] matter and any other procedures necessary to accomplish the objectives of th[e] stipulation.” The respondent also waived his right to withdraw from the stipulation. The Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts notes that the respondent has never been reinstated in California.
The respondent was retained by the Chaconas family in April 1997 with respect to a property dispute relating to the use of an easement on their Los Angeles property by the adjacent property owners. The respondent advised the Chaconases to stop making payments on their second mortgage and to send the payments directly to him. He commenced an action on behalf of the Chaconases for, inter alia, fraud/deceit, quiet title, a permanent injunction, and trespass. The Los Angeles Superior Court thereafter scheduled status conferences at which the respondent failed to appear, or of which he failed to advise opposing counsel. The court imposed a sanction in the sum of $999 upon the respondent, which he failed to pay, and which he did not challenge.
In view of the respondent’s constant pattern of noncooperation and noncompliance with discovery requests, the court dismissed the Chaconas lawsuit. Although the Chaconases asked the respondent to prepare a motion to set aside the dismissal, he failed to do so. He did file a notice of appeal from the dis *222 missal, without his clients’ knowledge or consent. On January 12, 1999, the Court of Appeal dismissed that appeal, stating that any application for rehearing/reinstatement must be filed within 15 days. Nevertheless, by letter dated February 5, 1999, the respondent advised the Chaconases that the appeal needed to be filed immediately and that they had to pay him the sum of $3,500 plus costs. On February 8, 1999, the respondent filed a motion to vacate the dismissal, which the Court of Appeal granted on February 10, 1999.
On February 18, 1999, the Chaconases terminated the respondent’s services and hired new counsel. As a result of the respondent’s misconduct, the Chaconases incurred unnecessary legal fees and costs of more than $36,000. The respondent was charged with failing to perform legal services with competence, failing to respond to client inquiries, moral turpitude and deceit, failing to deposit client funds in a trust account, commingling, and failing tp cooperate in a State Bar investigation.
Additional charges arise from the retainer of the respondent by Bradley Gerig and Kelley Jackson to register a federal trademark and to incorporate their business in the State of Nevada. Although the respondent was paid the sum of $5,000 in advance fees, he failed to perform the work and failed to respond to the clients’ inquiries or requests for the return of their file.
After being retained by another client to represent him and his wife in negotiations with the Internal Revenue Service regarding their 1993-1994 income taxes, the respondent was charged with failure to perform with competence, failure to respond to client inquiries, improper withdrawal from employment, and failure to refund unearned fees. In another matter, the respondent faced charges of failing to timely report to the State Bar of California the court sanctions imposed upon him and failing to cooperate with the State Bar investigation.
Although personally served with a notice pursuant to 22 NYCRR 691.3, the respondent has failed to raise any of the enumerated defenses or to demand a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.
Accordingly, the application to impose reciprocal discipline is granted and, effective immediately, the respondent is suspended from the practice of law for a period of two years based on the discipline imposed upon him in the State of California.
*223 Prudenti, P.J., Mastro, Rivera, Spolzino and Angiolillo, JJ., concur.
Ordered that the petitioner’s application to impose reciprocal discipline is granted; and it is further,
Ordered that pursuant to 22 NYCRR 691.3, the respondent, William J. Salica, is suspended from the practice of law for a period of two years, commencing September 18, 2009, and continuing until further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof that during said period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (d) otherwise properly conducted himself; and it is further,
Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, William J. Salica, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, William J. Salica, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).